# TENNESSEE, ALABAMA & GEORGIA RAILWAY COMPANY
## v. R. L. HUNT.

Eastern Section. June 27, 1931.

Petition for Certiorari denied by Supreme Court, October 10, 1931.

Sizer, Chambliss & Kefauver, of Chattanooga, for plaintiff in error.
H. B. Mack, of Chattanooga, for defendant in error.

PORTRUM, J. This suit is by an employee of the railway, R. L. Hunt, for damages to his household goods which were shipped, in consequence of his moving from one point to another on the defendant railway, without the payment of freight charges. While the goods were in transit the car in which they were placed was derailed and the household goods damaged. The trial court held that the question presented was one of bailment for the benefit of the bailor, and the defendant would be liable for gross negligence. However the court said, "If this car was derailed and dragged along the track, without explanation, the court thinks that would be sufficient to base a judgment for the plaintiff." The only evidence of negligence on the part of the railway company is the admission of the Vice-President of the company made to the plaintiff while discussing the damage to the household goods. This conversation was admitted as a declaration against interest, and was not properly objected to by defendant upon the trial. It is a part of this record for our consideration and is as follows:

"I asked him what the trouble was and he said 'They were running for some hill, and in coming around a curve the car my goods were loaded in jumped the curve.'"

Does this admission raise an inference of gross negligence? We do not think so. Gross negligence is defined as follows:

". . . omission of that care which even inattentive and thoughtless men never failed to take of their own property. . . . such an entire want of care as would raise the presumption of conscious indifference to consequences."

The fact that the car jumped the track does not in our mind reflect negligence for it may have jumped the track as a consequence of due care. Certainly it does not indicate gross negligence. The burden is on the plaintiff to make out his case, and we think he has failed to do it. The case is dismissed with costs.

Snodgrass and Thompson, JJ., concur.